Cratsley, John C., J.
INTRODUCTION
This motion to dismiss arises from an underlying claim in the primary dispute alleging a breach of contract and failure to pay the plaintiff, DaSilveira Builders, Inc. (“DaSilveira”), for professional services by the defendants Jean and Adeline Prioly (collectively “the Priolys’ ”). Massachusetts Property Insurance Underwriting Association (“MPIUA”) is the Priolys’ insurer and was a party to this action until its motion to dismiss was allowed by this Court on December 7, 2005. There is a remaining cross claim by the Priolys against MPIUA for breach of contract, negligent claims handling, indemnification, and contribution. The matter now before this Court is MPIUA’s motion to dismiss the Priolys’ cross claim pursuant to 12(b)(6).
For the foregoing reasons, the defendant’s, MPIUA’s, motion to dismiss is DENIED.
FACTUAL BACKGROUND
Following a fire at the Priolys’ residence at 215 Norfolk Street, Dorchester, Massachusetts, their insurer, MPIUA, estimated damages and a replacement cost of approximately $230,809.44. See my decision on December 7, 2005. On or about February 26, 2004, DaSilveira entered into a contract with the Priolys to repair their home. Id. MPIUA made periodic payments for the reconstruction between February 13, 2004 and April 2005, but determined it would not pay the remaining holdback funds of $58,000.00. Defs’ Priolys’ Opposition to Defs MPIUA’s Motion to Dismiss.
DaSilveira brought the original lawsuit against both the Priolys and MPIUA on May 11,2005. Id. This Court dismissed MPIUA from the case on December 7, 2005. However, the Priolys’ cross claim, filed on September 2, 2005, against MPIUA remains open. MPIUA filed a Motion to Dismiss Defendant Prioly’s Cross Claim on March 28, 2006.
DISCUSSION
MPIUA asserts that, as it has been dismissed from the original complaint, it is no longer a party to this action. Thus, MPIUA argues there is no set of facts that can be proven that would entitle the Priolys relief through their cross claim. Further, MPIUA claims that the Priolys’ Answer and Cross Claim was not served pursuant to Rule 5 of the Massachusetts Rules of Civil Procedure. MPIUA argues the motion on procedural grounds rather than on the merits.
*319 A complaint “should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Massachusetts Rules of Civil Procedure, Rule 12(b)(6); Nader v. Citron, 372 Mass. 96, 98 (1977) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In making this determination, the court should view the facts in the plaintiffs favor, taking the allegations and any inferences that may be drawn from the allegations as true. Nader, 372 Mass. 98. In the instant case, this rule implies that the facts should be viewed in the light most favorable to the Priolys.
While the standard applicable to motions to dismiss should be applied in a liberal manner, the plaintiff must still present an actionable claim to survive a motion to dismiss. Brum v. Dartmouth, 44 Mass.App.Ct. 318, 321-22 (1998). In my opinion, the Priolys have alleged an actionable claim that survives this motion to dismiss.
There is no case law in Massachusetts supporting either the plaintiffs or the defendant’s position. However, both the federal courts and a trial court in Delaware have decided this issue in favor of the Priolys. In Samoluk v. Basco, Inc., the Superior Court of Delaware determined that despite Basco, Inc. and BEST Products Co., Inc.’s (“BEST”) dismissal from the action, the cross claims against BEST were still valid. 1989 WL 135703 (Del.Super.). In Samoluk, the state trial court relied on federal opinions involving the same issue arising under Fed.R.Civ.P. 13. The Third Circuit, in Aetna Insurance Co. v. Newton, held that “[a] dismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant.” 398 F.2d 729, 734 (1968). The Third Circuit’s rationale is found in Frommeyer v. L.&R. Construction Co., Inc. where the court states, “because [the dismissed defendant] was a co-party — at the time, the cross-claims were proper. Once proper they did not cease to be so because the party to whom they were addressed subsequently ceased to be a co-party.” Frommeyer, 139 F.Sup. 579, 586 (1956). In my opinion, these decisions of the Third Circuit and the Superior Court of Delaware should be applied in Massachusetts.
Rule 13(g) of the Massachusetts Rules of Civil Procedure states that “[a] pleading may state as a cross-claim any claim by one party against a co-party.” Massachusetts Rules of Civil Procedure, Rule 13(g). The Priolys filed their cross claim at a time when MPIUA was a co-party in this action. The dismissal of MPIUA from the original action does not automatically dismiss it from any cross claims. In my opinion, to do so would be a waste of judicial resources. The Priolys would always have the option to file a separate claim if MPIUA were to be dismissed. This claim likely would be consolidated with the instant action as the subject matter is directly related. Further, if the motion were to be allowed, the Priolys, through no fault of their own, could be barred from bringing their claim by a statute of limitations.
MPIUA argues that the Priolys’ cross claim has never been properly served pursuant to Rule 5 of the Massachusetts Rules of Civil Procedure. This allegation is disputed by the Priolys through an affidavit by their attorney, Raymond Sayeg. Regardless, MPIUA received the cross claim and was aware of its contents. It was not prejudiced by the alleged lack of service. Therefore, as the Prioly’s cross claim is legally proper despite the dismissal of a co-pariy from the original action, MPIUA’s motion to dismiss is DENIED.